■ ROBERT C. ALVORD, Appellant, v VILLAGE OF CAMDEN ZONING BOARD OF APPEALS et al., Respondents.—Judgment unanimously reversed on the law without costs and petition granted. Memorandum: Respondent, Village of Camden Zoning Board of Appeals (ZBA), erred by concluding that no special permit was required pursuant to the Village of Camden Zoning Ordinance to authorize the conversion of the Metotts' one-family dwelling to a three-family apartment dwelling. The Metotts' premises are located in an "R-60 Residential District". Section 30.32 (B) (4) of the Village of Camden Zoning Ordinance provides that "Uses permitted as a special permit by the Board of Appeals" include "Apartments, three- or four-family by conversion of existing dwelling structure". The "SCHEDULE OF DISTRICT REGULATIONS", contained in section 30.41 of the Zoning Ordinance, however, includes within its list of permitted uses "Apartments, three- or four-family by conversion of existing dwelling structure" and does not require a special permit in order to effect such conversion. Where, as here, a conflict exists between the language contained in the written text of the Zoning Ordinance and the "SCHEDULE OF DISTRICT REGULATIONS", section 30.41 of the Zoning Ordinance provides that "the written text of this Chapter shall take precedence over any item contained in this Schedule". Consequently, it was necessary for the Metotts to obtain a special permit from the ZBA in order to convert their

existing one-family dwelling to a three-family apartment dwelling.

Finally, the ZBA erred in granting an area variance with respect to a side-yard setback mandated by the Zoning Ordinance. The variance was granted upon ZBA's erroneous assumption that no special permit was required to authorize the conversion of the one-family dwelling to a three-family apartment dwelling. (Appeal from Judgment of Supreme Court, Oneida County, Tenney, J.—Article 78.) Present—Doerr, J. P., Boomer, Pine, Lawton and Davis, JJ.